No. 80,076

In the Matter of ROBERT C. WOOTON, *Respondent.*

(955 P.2d 1239)

Opinion filed March 6, 1998.

*Frank D. Diehl*, deputy disciplinary administrator, argued the cause, and *Stanton A. Hazlett*, disciplinary administrator, was with him on the formal complaint for the petitioner.

There was no appearance by the respondent.

*Per Curiam*: This original proceeding in discipline was filed by the office of the Disciplinary Administrator against Robert C. Wooton, of Kansas City, an attorney admitted to the practice of law in Kansas. The formal complaint filed against respondent alleges violations of MRPC 1.1 (1997 Kan. Ct. R. Annot. 268), 1.3 (1997 Kan. Ct. R. Annot. 276), 1.4 (1997 Kan. Ct. R. Annot. 282), 1.16(d) (1997 Kan. Ct. R. Annot. 324), 3.4 (1997 Kan. Ct. R. Annot. 339), 8.1 (1997 Kan. Ct. R. Annot. 363), and 8.4 (1997 Kan. Ct. R. Annot. 366) and Supreme Court Rule 207 (1997 Kan. Ct. R. Annot. 213).

A hearing before a panel of the Kansas Board for Discipline of Attorneys was held on September 16, 1997. Respondent did not appear in person or by counsel.

The complaint against respondent included four counts involving six different clients. In each instance, respondent accepted a retainer or payment on his fee and failed to represent the complainants as agreed. The panel found "the complainants to be particularly vulnerable in that their legal problems affected their ability to pay bills, drive to work and continue other everyday living activities. They were not familiar with the legal process, did not know many attorneys and had few options for other help." The panel concluded:

"Respondent's conduct violates the Model Rules of Professional Conduct (MRPC) Sections 1.1, 1.3, 1.4, 1.16[(d)] and Supreme Court Rule 207. The Panel finds by clear and convincing evidence that Respondent violated MRPC 1.1, 1.3, and 1.4 by failing to communicate with his clients regarding their cases, and by failing to diligently and competently represent them. The uncontroverted testi-

mony of John Johnson, Chassidy Johnson, Jamie McGee, Michael Johnson, Christaner Hill and William Wood, Jr. provides clear and convincing evidence that Respondent did not return phone calls, was not accessible to clients, did not inform clients of court dates or obtain court dates in a timely fashion, and otherwise did not proceed with their cases.

"The Panel also finds by clear and convincing evidence that Respondent violated MRPC 1.16(d) in representing Mr. Wood, when Respondent failed to turn over the file to the new attorney hired by Mr. Wood. As a result, new counsel expended more time, at substantial cost to Mr. Wood, in representing Mr. Wood in the probate proceeding. Finally, the Panel finds by clear and convincing evidence that Respondent violated Supreme Court Rule 207 by failing to cooperate in any manner with investigators and with the Disciplinary Administrator's office regarding the Complaint."

The panel applied the ABA standards on aggravation and mitigation, and recommended that respondent be disbarred and ordered to return to complainants the money he received for retainers and fees. The Disciplinary Administrator recommended that respondent be disbarred.

Respondent filed no exceptions to the report and recommendations of the panel and failed to appear before this court.

We concur with the panel's finding that there is clear and convincing evidence establishing the violations by respondent. Respondent has failed to carry out his responsibility as a lawyer to represent his clients. He has failed to cooperate with the Disciplinary Administrator or appear before the panel or this court to answer for his unethical conduct. A majority of this court, however, does not concur with the panel's recommendation that respondent be disbarred. After examining the record, a majority of this court feels disbarment is too severe and finds that respondent should be indefinitely suspended from the practice of law in Kansas. Respondent should make full restitution by returning to the complainants the amount of money paid to him for a retainer or fee. For purposes of Supreme Court Rule 219(e) (1997 Kan. Ct. R. Annot. 245), the suspension should be effective as of the date of this order.

IT IS THEREFORE ORDERED that Robert C. Wooton be and he is hereby disciplined by indefinite suspension for his violations of the Model Rules of Professional Conduct.

IT IS FURTHER ORDERED that Robert C. Wooton shall make full restitution to complainants prior to the filing of a petition pursuant to Rule 219 and that he comply with Rule 218 (1997 Kan. Ct. R. Annot. 235).

IT IS FURTHER ORDERED that this order shall be published in the Kansas Reports and that the costs herein shall be assessed to respondent.